CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

NOV 21 2024

LAURA A AUSTIN CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
NOVEMBER 2024 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:24CR38 |
| | ) | |
| | ) | INDICTMENT |
| v. | ) | |
| | ) | In Violation of: |
| | ) | 18 U.S.C. § 371 |
| MICHAEL ANTHONY MCCOY | ) | 18 U.S.C. § 924(c) |
| | ) | 18 U.S.C. § 2113(a) and (d) |

COUNT ONE
(Conspiracy to Commit Bank Robbery)

The Grand Jury charges that:

1. On or about October 26, 2022, in the Western District of Virginia, the defendant, MICHAEL ANTHONY MCCOY, knowingly and willfully conspired and agreed together with Dawn Davis to commit a certain offense against the United States, to wit: bank robbery, in violation of Title 18, United States Code, § 2113(a) and (d).

Overt Acts

2. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Virginia:

　　a.　On or about October 26, 2022, MICHAEL ANTHONY MCCOY directed Davis to write a threatening note for use in a bank robbery.

　　b.　On or about October 26, 2022, Dawn Davis wrote the note as directed.

　　c.　On or about October 26, 2022, MICHAEL ANTHONY MCCOY entered the Truist Bank located at 2230 NW Melrose Ave and handed the referenced note to a bank teller.

   d. After handing the note to the first teller, MICHAEL ANTHONY MCCOY approached a second teller and brandished a firearm.

3. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Bank Robbery with Use of a Dangerous Weapon)

The Grand Jury further charges that:

4. On or about October 26, 2022, in the Western District of Virginia, the defendant, MICHAEL ANTHONY MCCOY, by force, violence, and intimidation, did take from the person and presence of another approximately $6,485 in money belonging to and in the care, custody, control, management and possession of Truist Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendant, MICHAEL ANTHONY MCCOY, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm.

5. All in violation of Title 18, United States Code, Section 2113(a) and (d).

## COUNT THREE
(Brandishing a Firearm in furtherance of a Crime of Violence)

The Grand Jury further charges that:

6. On or about October 26, 2022, in the Western District of Virginia, the defendant, MICHAEL ANTHONY MCCOY, did knowingly possess a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States as set forth in Count Two of this Indictment, and in the course of this violation of 18 U.S.C. § 924(c) he did brandish said firearm.

7. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT FOUR
(Bank Robbery)

The Grand Jury further charges that:

8. On or about October 28, 2022, in the Western District of Virginia, the defendant, MICHAEL ANTHONY MCCOY, by force, violence, and intimidation, did take and attempt to take from the person and presence of another approximately $5,970 in money belonging to and in the care, custody, control, management and possession of Truist Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

9. All in violation of Title 18, United States Code, Section 2113(a).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, defendant(s) shall forfeit to the United States:

   a. any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. Money Judgment

   Not less than $12,455.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;

    a. has been placed beyond the jurisdiction of the Court;
    b. has been substantially diminished in value; or
    c. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL this 21 day of November 2024.

                                                    s/*FOREPERSON*
                                                   FOREPERSON

_[signature] for_
CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY